Clifford J. Straehley and Oriel C. Straehley v. Commissioner. Clifford J. Straehley v. Commissioner.
Straehley v. Commissioner
Docket Nos. 41431, 50077, 50078.
United States Tax Court
T.C. Memo 1955-315; 1955 Tax Ct. Memo LEXIS 18; 14 T.C.M. (CCH) 1234; T.C.M. (RIA) 55315; November 30, 1955
*18 Upon the facts, the cost or other basis of municipal bonds owned by the petitioner, Clifford J. Straehley, is determined, and the capital gain realized upon sales of bonds in 1946, 1948, 1949, and 1950, is determined. Robert N. Gorman, Esq., 808 Traction Building, Cincinnati, Ohio, for the petitioners. Lyman G. Friedman, Esq., for the respondent. HARRON Supplemental Memorandum Findings of Fact and Opinion HARRON, Judge: Memorandum Findings of Fact and Opinion in these proceedings was filed on May 6, 1955 [14 TCM 415, Dec. 21,000(M)]. The Findings of Fact show that as of December 31, 1945, the petitioner owned and possessed bonds of municipalities in Florida, Michigan, North Carolina, Alabama, and Ohio, the total face amount of which amounted to $126,000. The bonds were acquired by the petitioner at various times prior to December 31, 1945. At the original hearing of these cases, the petitioner did not present evidence about the cost or other basis of 16 municipal bonds which he sold during 1946, 1948, 1949, and 1950. The Court suggested that the parties should attempt to agree upon the cost or other basis of the bonds, and that they should *19 give effect thereto in their respective Rule 50 recomputations. The parties were unable to agree upon the cost or other basis of the municipal bonds in question. A motion of the petitioner for further hearing was granted. At the further hearing evidence was introduced to show the cost or other basis of the 16 bonds in question. Upon the basis of the new evidence, Supplemental Findings of Fact are made with respect to the cost or basis of the 16 bonds in question and the long-term capital gain or loss realized upon the sale of each. Supplemental Findings of Fact The cost or other basis of each of the municipal bonds which were sold by the petitioner in 1946, 1948, 1949, and 1950, are set forth in the following schedule, together with the amount received upon the sale of each bond, and the capital gain or loss realized: Year of
Cost or
Amount
Capital
Bond
Sale
Basis
Received
Gain
St. Augustine, Fla.
1946
$ 4,437.50
$ 5,361.67
$ 924.17
Clearwater, Fla.
1946
5,000.00
5,168.40
168.40
Fort Lauderdale, Fla.
1946
7,425.00
12,558.89
5,133.89
Miami, Fla.
1946
9,819.91
11,579.58
1,759.67
Detroit, Mich.
1946
5,231.83
5,679.17
447.34
Asheville, N.C.
1946
6,800.00
9,202.22
2,402.22
St. Augustine, Fla.
1946
10,100.00
10,315.83
215.83
West Palm Beach, Fla.
1948
7,492.50
11,343.00
3,850.50
Ft. Pierce, Fla.
1948
20,418.66
17,975.00
(2,441.66)
Amherst, Ohio
1948
6,521.26
6,375.00
( 146.26)
Broward, Fla.
1948
1,153.58
1,031.22
( 122.46)
Akron, Ohio
1948
10,101.42
10,319.17
217.75
Escambia, Fla.
1949
5,000.00
4,840.05
( 159.95)
Broward, Fla.
1950
8,075.79
7,492.33
( 583.46)
Mobile, Ala.
1950
5,169.47
5,126.46
( 43.01)
Fort Lauderdale, Fla.
1950
3,712.50
5,487.78
1,775.28
*20 In the taxable years 1946, 1948, 1949, and 1950, the petitioner realized long-term capital gains or long-term capital losses from sales of the above described municipal bonds in the following amounts: 1946, long-term capital gains
$11,051.52
1948, long-term capital gains
4,068.25
1948, long-term capital losses
( 2,710.38)
1949, long-term capital loss
( 159.95)
1950, long-term capital gains
1,775.28
1950, long-term capital losses
( 626.47)
Supplemental Opinion The Supplemental Findings of Fact dispose of the only question left for decision, namely, the amounts of long-term capital gains and losses which resulted from the sales by petitioner of municipal bonds in 1946, 1948, 1949, and 1950. These findings are based upon the additional evidence adduced at a further hearing which stands unrefuted, and is, for the purposes of these proceedings, regarded as correct. On the basis of the Supplemental Findings of Fact, the parties must file revised Rule 50 recomputations because the Supplemental Findings of Fact necessitate revisions of the respondent's Rule 50 recomputations, and, further, the petitioners' recomputations are not prepared in the customary *21 form. Decisions will be entered under Rule 50.